IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| AMY POOLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:20-CV-00905-KFP |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Amy Poole, seeks judicial review of the Social Security Administration's decision denying her application for Disability Insurance Benefits. The undersigned, having reviewed and considered the record, briefs, applicable regulations, and caselaw, finds the decision of the Commissioner of Social Security must be AFFIRMED.

## I.   STANDARD OF REVIEW

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope is limited to determining whether substantial evidence in the record as a whole supports the Commissioner's decision and whether the correct legal standards were applied. *Winschel v. Comm'r of Soc. Sec. Admin.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Substantial evidence is more than a scintilla but less than a preponderance. *Martin*

---

[1] Kilolo Kijakazi is now the Acting Commission of Social Security and is automatically substituted as a party under Rule 25(d) of the Federal Rules of Civil Procedure. *See also* 42 U.S.C. § 405(g) (providing that an action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

*v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner and, even if the evidence preponderates against the Commissioner's factual findings, the Court must affirm if the decision is supported by substantial evidence. *Winschel*, 631 F.3d at 1178; *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## II.    FACTUAL BACKGROUND

Plaintiff was 45 years old when the Administrative Law Judge ("ALJ") rendered a decision finding Plaintiff not disabled. R. 24–26. Plaintiff has previously worked as an administrative clerk. R. 24, 54, 82. Plaintiff claims she was disabled as of September 11, 2018. R. 17, 35–36, 62. She filed for disability on October 4, 2018.[2] R. 15, 60, 62.

On April 10, 2019, Plaintiff's initial application was denied. R. 92. Plaintiff requested a hearing before an ALJ. R. 99–100. The ALJ held a hearing (R. 32–59) and issued a decision on April 14, 2020, finding Plaintiff not disabled. R. 15, 25–26. Plaintiff sought review. R. 160–62. The Appeals Council thereafter denied Plaintiff's request for review on September 25, 2020, making the Commissioner's final decision ripe for judicial review. R. 1–3; *see* 42 U.S.C. § 405(g).

## III.    THE ALJ'S DECISION

The ALJ concluded that Plaintiff has severe impairments of "back disorder, right knee disorder, fibromyalgia, peripheral neuropathy, obesity, mood disorder, and generalized anxiety disorder" but that she does not meet the Listing of Impairments in 20

---

[2] Plaintiff alleged disability due to a herniated disc, bipolar disorder, fibromyalgia, panic disorder, IBS, neuropathy, right-hip trouble, and chronic-fatigue syndrome. R. 62.

C.F.R § 404, Subpart P, Appendix 1, §§ 1.02, 1.04, 12.04, or 12.06. R. 17–18, 72. The ALJ determined Plaintiff has the residual functional capacity ("RFC") to perform sedentary work[3] with certain limitations.[4] R. 20. The RFC also limited Plaintiff to simple tasks, decisions, and instructions, assigning her jobs with level 1 or 2 reasoning. R. 20. Considering Plaintiff's age, education, work experience, and RFC, the ALJ found there were other jobs in the national economy that she could perform, such as a mail-sort clerk, toy stuffer, or surveillance-system monitor. R. 24–25. Accordingly, the ALJ found that Plaintiff had not been under a disability from her alleged onset date of September 11, 2018, through the date of the ALJ's decision on April 14, 2020. R. 25–26.

## IV.   DISCUSSION

Plaintiff's brief delineates two issues for review: (1) the ALJ failed to properly evaluate the medical evidence in determining Plaintiff's mental RFC; and (2) the ALJ failed to properly determine Plaintiff's RFC. The Court disagrees.

### A.   The ALJ properly evaluated the medical evidence.

The regulations applicable to claims like this filed after March 2017 provide the following:

> [T]he ALJ focuses on the persuasiveness of the medical opinion(s) or prior administrative medical finding(s) using the following five factors: (1) supportability, (2) consistency, (3) relationship with the claimant (which includes length of the treatment relationship, frequency of examinations,

---

[3] 20 C.F.R. § 404.1567(a) states that "[s]edentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary . . . ."

[4] The ALJ found that Plaintiff has the RFC to "perform sedentary work as defined in 20 CFR 404.1567(a), except that she can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs only . . . . R. 20.

purpose of the treatment relationship, extent of the treatment relationship, examining relationship), (4) specialization, (5) other factors. *See* 20 C.F.R. § 404.1520(c)(a)-(c) (2020).[5] [In particular, a]n ALJ must explain how he considered the factors of supportability and consistency. [*See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).] The ALJ must explain in his decision how persuasive he finds a medical opinion and/or a prior administrative medical finding based on these two factors. *Id*. The ALJ may but is not required to explain how he considered the other remaining factors. 20 C.F.R. § 404.1520c(b)(3) (2020).

*Nix v. Saul*, No. 4:20-CV-790-RDP, 2021 WL 3089309, at *1, *6 (N.D. Ala. July 22, 2021). The ALJ's analysis should determine "whether the medical source's opinion is (1) supported by the source's own records and (2) consistent with the other evidence of record." *Gogel v. Comm'r of Soc. Sec.*, No. 2:20-CV-366-MRM, 2021 WL 4261218, at *1, *6 (M.D. Fla. Sept. 20, 2021) (citing *Cook v. Comm'r of Soc. Sec.*, No. 6:20-CV-1197-RBD-DCI, 2021 WL 1565832, at *1, *3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, No. 6:20-CV-1197-RBD-DCI, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021)). Still, an ALJ need only explain the consideration of the factors on a source-by-source basis; the regulations do not require the ALJ to precisely explain the consideration of each opinion within the same source. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1) ("We are not required to articulate how we considered each medical opinion or prior administrative medical finding from one medical source individually.").

The regulations apply equally where an ALJ evaluates an opinion based largely on subjective mental-health complaints—the ALJ need only explain "how he considered both supportability and consistency." *McCarver v. Comm'r of Soc. Sec.*, No. 4:20-CV-01053-

---

[5] Plaintiff's claim was filed on October 4, 2018. R. 62. Accordingly, the Court evaluates the ALJ's decisions under these regulations.

JHE, 2022 WL 860190, at *1, *6–7 (N.D. Ala. Mar. 22, 2022) (ALJ did not err by discounting mental-health provider's opinion based on subjective reports because "the totality of the ALJ's analysis makes it clear that he considered consistency in addition to supportability.") (citing *Cf. Heppell-Libansky v. Comm'r of Soc. Sec.*, 170 F. App'x 693, 698 n.4 (11th Cir. 2006)); *Glover v. Kijakazi*, No. 4:20-CV-162-GMB, 2022 WL 25685, at *1, *5 (N.D. Ala. Jan. 26, 2022) (ALJ did not err in discounting mental-health provider's opinion based on subjective statements because he "clearly articulated his reasons for finding the opinion not well supported and inconsistent with the medical records.").

An ALJ "is under no obligation to 'bridge' every piece of evidence he finds inconsistent with a specific opinion.[] Nothing requires the ALJ to discuss every piece of evidence so long as the decision does not broadly reject evidence in a way that prevents meaningful judicial review." *Gogel*, 2021 WL 4261218, at *9 (citing *Dyer v. Barnart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (ALJ is not required to discuss every piece of evidence as long as the court can surmise he considered the plaintiff's medical condition as a whole)). If the ALJ complies with the regulations and substantial evidence supports his evaluation of the medical opinion, the court must affirm. *Lewis v. Kijakazi*, No. 1:20-00386-N, 2022 WL 972530, at *1, *12 (S.D. Ala. Mar. 30, 2022) (affirming because ALJ discussed "consistency" and "supportability" factors and substantial evidence supported his decision to reject medical opinion); *McCarver*, 2022 WL 860290, at *6–7 (affirming because the ALJ complied with the regulations and substantial evidence supported his assessment).

Plaintiff claims the ALJ erroneously discounted opinions from Drs. Lee Stutts and Lee Blackmon. Doc. 16 at 3–12. However, the Court concludes that substantial evidence supports his decisions.

### 1.   The ALJ properly evaluated Dr. Stutts's opinion.

Upon examining Plaintiff, Dr. Stutts determined that Plaintiff could not handle typical work pressures or stressors. R 24, 1040. However, the ALJ identified considerable evidence undermining Dr. Stutts's finding. R. 23–24. As the ALJ explained, Dr. Stutts's own evaluations "revealed a mildly anxious and tearful affect with an otherwise normal mental status[,] . . . calm and cooperative behavior[,] . . . logical and coherent thought processes without paranoia[,] intact memory, insight, judgment, and abstract reasoning in March 2019." R. 23, 1038–39. Further, the ALJ stressed that Plaintiff's treating psychiatrist, Dr. James Edwards, "observed a euthymic mood and cooperative attitude with normal appearance, grooming, speech, motor activity, affect, cognition, memory, concentration, judgment, and thought processes in March and May 2019." R. 24, 490, 1075, 1078, 1091. In fact, on March 1, 2019, Plaintiff told Dr. Edwards she was "doing well." R. 1078. While Plaintiff's outpatient treatment records evidence mood abnormalities, they also demonstrate "full range affect; full orientation; fair to good attention, concentration, insight, and judgment; intact memory; and logistical and rational thought processes without reported distractibility, loose associations, flight of ideas, thought blockings, tangents, or circumstantiality from September 2018 through February 2020." R. 23, 490, 1075, 1078, 1091, 1133–34, 1136, 1137, 1139, 1142–44, 1148–49, 1152–54, 1162–63, 1166–67, 1170–71, 1174–75, 1300. Accordingly, the ALJ found Dr.

Stutts's opinions unpersuasive because they "lack objective support[,] are inconsistent with the totality of the evidence[,] . . . are based primarily on face-value acceptance of [Plaintiff's] subjective allegations[,] . . . [and] are not an accurate depiction of the claimant's longitudinal[-]function capacity." R. 24.

The ALJ's decision shows that he considered the supportability, consistency, and relationship factors and determined Dr. Stutts's opinion was not supported by the totality of the evidence. R. 23–24. Upon review, the evidence supports the ALJ's conclusion that Plaintiff did not consistently suffer from mental-health issues. On many occasions, Plaintiff's symptoms appeared relatively mild.[6] R. 23, 490, 1075, 1078, 1091, 1133–34, 1136, 1137, 1139, 1142–44, 1148–49, 1152–54, 1162–63, 1166–67, 1300. Further, as the ALJ recognized, Plaintiff's own treating physician, Dr. Edwards, recognized that Plaintiff's symptoms were relatively mild on several occasions. R. 24, 490, 1075, 1078, 1091. The ALJ adequately articulated his considerations of the factors, supporting his decision with extensive evidence. R. 23–24. As such, he satisfied the regulatory requirements. 20 C.F.R. § 416.920c(b)(2); *Gogel*, 2021 WL 4261218, at *6.

### 2. The ALJ properly evaluated Dr. Blackmon's opinion.

Upon review of the medical records, Dr. Blackmon opined that Plaintiff could perform unskilled work and would likely miss one or two days per month due to depression and anxiety. R. 23, 80. The ALJ found this opinion only partially persuasive, concluding

---

[6] Plaintiff claims that the inconsistencies in her mental-health symptoms are a natural result of her bipolar condition, which produces "good days and bad days." *See* Doc. 16 at 8. In support, she points to records evidencing more severe symptoms. Doc. 16 at 7. The Court may not reweigh the evidence. Rather, it may only determine if substantial evidence supports the ALJ's decision to discredit the opinions. *Lewis*, 2022 WL 972530, at*12; *McCarver*, 2022 WL 860190, at *6.

that Dr. Blackmon's opinion as to Plaintiff's absences was unpersuasive because "she consistently demonstrated a good and/or euthymic mood during the period at issue" and "there is no objective basis to conclude that a depressed mood with otherwise normal mental status would render the claimant absent from the workplace." R. 23.

The ALJ discussed the supportability and consistency requirements in discrediting Dr. Blackmon's opinion and concluded his opinion regarding Plaintiff's absences was unsupported by the evidence—she consistently exhibited normal moods and presented no other evidence necessitating absences. R. 23. Because he evaluated Dr. Blackmon's opinion using the supportability and consistency factors and explained his reasoning in doing so, he complied with the regulations. R. 23.

### 3.   Plaintiff's remaining arguments fail.

Plaintiff suggests the ALJ wrongly discredited Drs. Stuss's and Blackmon's opinions because they were largely based on Plaintiff's subjective mental-health complaints, which are subjective by nature. Doc. 16 at 7. However, the standard does not change when a plaintiff alleges disability based on mental-health conditions. The ALJ is still only required to consider the factors set out in 20 C.F.R. § 404.1520c(b)(2). *McCarver*, 2022 WL 860190, at *6; *Glover*, 2022 WL 25685, at *5. As discussed above, the ALJ did.

Plaintiff's argument that the ALJ relied on his own lay conclusions in determining Plaintiff's RFC also fails. Under the applicable regulations, the ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." *McCarver*, 2022 WL 860190, at *6 (ALJ "is not required to base [the] RFC on a doctor's opinion.") (citing *Castle v. Colvin*, 557 F. App'x 849, 853–54 (11th Cir.

2014); 20 C.F.R. § 404.1520c(a)). Electing not to accept portions of Drs. Stutts's and Blackmon's opinions does not mean the ALJ inserted his own opinion. The ALJ was not required to rely on, defer, or give any special weight to these medical opinions. *Id.* He was only required to evaluate the evidence in light of the regulations, and he did so here.

Finally, Plaintiff cites several records supporting the rejected opinions, arguing that "[t]he ALJ erred by not comparing the opinions against such findings . . ." because "isolated evidence of some normal findings does not call into question the other longitudinal treatment records that are wholly consistent with the medical opinions on [Plaintiff's] functioning." Doc 16 at 8. While there may be some evidence in this record that could support a finding favorable to Plaintiff, the ALJ was not required to discuss every piece of evidence. *McCarver*, 2022 WL 860190, at *6 (citing *Dyer*, 395 F.3d at 1211). The decision indicates that the ALJ considered Plaintiff's condition as a whole. *Id.* Accordingly, the Court concludes that the ALJ properly evaluated the medical opinions.

### B.   Substantial evidence supports Plaintiff's RFC.

The RFC is a determination the ALJ makes based on "all the relevant medical and other evidence" in the record, including both medical and nonmedical. 20 C.F.R. § 416.945(a)(1), 416.945(a)(3). It is "used to determine [one's] capability of performing various designated levels of work[.]" *Pupo v. Comm'r of Soc. Sec.*, 17 F.4th 1054, 1064 (11th Cir. 2021) (citing 20 C.F.R. § 416.967).

As long as an ALJ "has 'provide[d] a sufficient rationale to link' substantial record evidence 'to the legal conclusions reached[,]'" the RFC is supported by substantial evidence. *Nichols v. Kijakazi*, No. 3:20-CV-00224-SRW, 2021 WL 4476658, at *1, *7

(M.D. Ala. Sept. 29, 2021) (citing *Eaton v. Colvin*, 180 F. Supp. 1037, 1055 (S.D. Ala. 2016)). "[T]o find that the ALJ's RFC assessment is supported by substantial evidence, it is not necessary for the ALJ's assessment to be supported by the assessment of an examining or treating physician." *Nichols*, 2021 WL 4476658, at *7 (citing *Eaton*, 180 F. Supp. at 1055). It is also unnecessary for an ALJ to "accept a [vocational expert's] response to a hypothetical which assumes restrictions the ALJ has rejected." *Johnson v. Astrue*, No. 5:11-CV-1666-KOB, 2012 WL 4339507, at *1, *14 (N.D. Ala. Sept. 18, 2012) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004)). "Importantly, an ALJ is not required to accept a claimant's subjective allegations of pain or symptoms." *Turner v. Kijakazi*, No. 1:19-CV-774-KFP, 2021 WL 3276596, at *1, *9 (M.D. Ala. July 30, 2021) (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); 20 C.F.R. § 404.1529(a)). Even if some evidence exists supporting a more restrictive RFC, if substantial evidence supports the decision, the court must affirm. *See Jacks v. Comm'r of Soc. Sec. Admin*, 688 F. App'x 814, 819–20 (11th Cir. 2017). As explained below, substantial evidence supports Plaintiff's mental and physical RFC.

### 1. Substantial evidence supports Plaintiff's mental RFC.

An ALJ may limit a Plaintiff to simple tasks, decisions, and instructions where mental-health records evidence relatively mild symptoms. *Strong v. Colvin*, No. 2:15-CV-0767-RDP, 2016 WL 4259549, at *1, *7 (N.D. Ala. Aug. 12, 2016) (affirming RFC limiting plaintiff to simple tasks because mental-health records showed plaintiff had a normal affect and euthymic mood and was well oriented); *Kent v. Acting Comm'r of Soc. Sec. Admin.*, 651 F. App'x 964, 966–68 (11th Cir. 2016). In fact, substantial evidence may

even support this limitation where there is some evidence of more severe mental-health symptoms. *See Mijenes v. Comm'r of Soc. Sec.*, 687 F. App'x 842, 845–46 (11th Cir. 2017) (affirming RFC limiting plaintiff to simple tasks even though she was once hospitalized for psychiatric evaluation because she "received mostly outpatient treatment for her bipolar and affective mood disorders[,] . . . presented with normal thought content and processes[,]" never indicated suicidal ideations, and appeared well).

The ALJ determined Plaintiff's "mental impairments are adequately accommodated by limiting her to unskilled work that involve[s] simple tasks, simple instructions, simple decisions, no fast-paced productivity requirements, and no more than occasional supervision or interaction with coworkers and the public." R. 23. In making this determination, he explained that the record "documents only routine and conservative treatment, consisting of outpatient medication management, and the objective clinical findings are not supportive of greater functional limitations than determined herein." R. 22. A review of the record confirms this finding. Throughout treatment, Plaintiff often exhibited normal grooming, affect, orientation, memory, observations, thoughts, logic, and judgment; had good concentration; appeared euthymic; was cooperative; never appeared suicidal, homicidal, or delusional; and periodically reported improvement. R. 23, 467, 481, 484, 490, 757, 764–65, 773–74, 795, 1075, 1078, 1091, 1102, 1094, 1114, 1128, 1133–34, 1136, 1137, 1139, 1142–44, 1148–49, 1152–54, 1162–63, 1166–67, 1196, 1300. Further, Plaintiff's activities of daily living reinforce the limitation: she spends eight to ten hours per day watching television and frequently reads, uses social media, and prepares herself

meals. 46, 210.[7] Even though these activities cause her some difficulty, this evidence supports the ALJ's limitation. R. 20.

Thus, substantial evidence supports the mental RFC because the evidence suggests that Plaintiff could perform simple tasks, follow simple instructions, and make simple decisions. *Strong*, 2016 WL 4259549 at \*7; *Kent*, 651 F. App'x at 966–68. Again, the ALJ only had to "'provide a sufficient rationale to link'" substantial evidence to his RFC. *Nichols*, 2021 WL 4476658, at \*7 (citing *Eaton*, 180 F. Supp. at 1055). He has certainly done so here. The Eleventh Circuit has upheld an RFC requiring simple tasks for a claimant similar to Plaintiff. *See Mijenes*, 687 F. App'x at 845–46. Like the plaintiff in *Mijenes*, Plaintiff suffers from bipolar disorder and was once hospitalized due to anxiety and depression. R. 712. However, like the plaintiff in *Mijenes*, Plaintiff's treatment history was otherwise less severe: she received outpatient treatment, often presented with normal thoughts, appeared well-groomed, and never reported suicidal ideations. *Id.* Substantial evidence supported the simple-task limitation in *Mijenes*, and it does here as well.

Plaintiff's argument that the mental RFC conflicts with Dr. Blackmon's opinion regarding rest periods also fails. Doc 16 at 9–10. Plaintiff claims this error is especially egregious because the government's own vocational expert testified that an individual who required breaks approximately 10 percent of the day could not maintain employment— thus, imposing an even less-restrictive limitation. Doc. 16 at 9–10; R. 56. Again, the ALJ was not required to base the RFC off Dr. Blackmon's opinion. 20 CFR §§ 404.1520c(b);

---

[7] Although the ALJ did not discuss this evidence in his decision, he was not required to. *Gogel*, 2021 WL 4261218, at \*9 (citing *Dyer*, 395 F.3d at 1211).

*McCarver*, 2022 WL 860190, at *6) (citing *Castle*, 557 F. App'x at 853–54; 20 C.F.R. § 404.1520c(a)). Likewise, the ALJ was not required to accept the VE's response to the hypothetical based on restrictions that the ALJ decided to reject. *See Johnson*, 2012 WL 4339507, at *14. The ALJ excluded regular rest breaks from Plaintiff's RFC and, therefore, did not have to accept the VE's statement. *Id.*

Finally, Plaintiff unsuccessfully argues that the ALJ incorrectly assigned her occupations that require skills beyond her RFC. Doc. 16 at 11–12. The suggested occupations all have reasoning levels of 2 or higher (R. 20), which require the ability to carry out detailed but uninvolved instructions. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1321 (11th Cir. 2021). Plaintiff claims the ability to carry out detailed instructions conflicts with the limit to simple instructions. Doc. 16 at 11–12. While it is true that an ALJ has an affirmative duty to resolve an apparent conflict between the VE's testimony and the assigned jobs, *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1362–66 (11th Cir. 2018), in this circuit, there is no "apparent conflict between one's limitation to follow simple instructions and positions that require the ability to follow 'detailed but uninvolved' instructions." *Buckwalter*, 5 F.4th at 1319–20. Therefore, the Court concludes that substantial evidence supports the mental RFC.

### 2.    Substantial evidence supports Plaintiff's physical RFC.

An ALJ may limit a plaintiff to sedentary work based on evidence revealing relatively mild physical symptoms. *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1306 (11th Cir. 2018) (affirming RFC determination of sedentary work where medical records revealed mild spine problems, full range of motion, and no gait disturbance);

*Alleyne v. Acting Comm'r of Soc. Sec.*, No. 17-CV-00453-B, 2019 WL 1379940, at \*1, \*7 (S.D. Ala. Mar. 27, 2019). Sedentary work involves lifting no more than 10 pounds at a time, occasionally lifting and carrying small articles, sitting, and occasionally walking and standing. 20 C.F.R. §§ 404.1567(a), 416.967(a).

Plaintiff claims the sedentary restriction is incorrect because Plaintiff has trouble sitting, standing, and walking for more than 10 to 15 minutes at a time and spends most of her day lying in a recliner. Doc. 16 at 12. However, the RFC is not erroneous solely because it conflicts with Plaintiff's own allegations—the ALJ did not have to accept these allegations as true. *Turner*, 2021 WL 3276596, at \*9 (citing *Wilson*, 284 F.3d at 1225; 20 C.F.R. § 404.1529(a)). Rather, he had to consider *all* evidence contained in the record. As explained below, he did.

The ALJ cited a great deal of evidence supporting the RFC. R. 20–22. While some records evidence mild pain, multiple records show no acute distress, normal gait, motor strength, sensation, and reflexes. As the ALJ explained, from September 2018 until February 2020, Plaintiff often exhibited "no acute distress; negative straight leg raise testing; unassisted ambulation with normal gait and station; normal toe and heel walking; normal spine to inspection with reduced extension only to full range of motion; and normal strength, sensations, reflexes, and motor function." R. 21–22, 464–68, 481, 484–85, 691, 713, 764–65, 774, 781, 788, 795, 809, 941. On multiple occasions, Plaintiff expressed that she had experienced relief following treatments. R. 21–22, 467–68, 822, 825, 1114. Further, many examinations and images proved unremarkable. R. 21–22, 464–66, 530, 547, 737, 751. The ALJ cited to and discussed this evidence thoroughly.

14

For substantial evidence to exist, the ALJ only had to provide a "rational link" between the evidence and his conclusion. *Nichols*, 2021 WL 4476658, at *7 (citing *Eaton*, 180 F. Supp. at 1055). It is certainly rational to conclude that, based on this evidence, Plaintiff can engage in sedentary work. The ALJ's sedentary limitation is supported by more than a scintilla of evidence and, therefore, the Court must affirm it. *Martin*, 894 F.2d at 1529.

## V.   CONCLUSION

For the reasons set forth above, it is ORDERED as follows:

1.     The Commissioner's decision is AFFIRMED.

2.     A final judgment will be entered separately.

DONE this 24th day of May, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE